UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SAM CHANDLER,
          Plaintiff,

    v.                                            CIVIL ACTION NO. 13-12979-GAO

GREATER BOSTON LEGAL SERVICES, ET AL.,
          Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

On November 4, 2013, Plaintiff Sam Chandler ("Chandler"), a resident of Boston, Massachusetts, filed a package of exhibits along with a Civil Action Cover Sheet and a Local Category Sheet. The Civil Action Cover Sheet indicates his suit is based on civil rights violations. He lists the Defendants as ATF, DUA, and Greater Boston Legal Services ("GBLS"). While unclear, he also appears to name the Massachusetts Attorney General's Office, and the FBI as Defendants.[1] Chandler's legal claims are not set forth in a separate Complaint. From what can be discerned from the various exhibits, however, his claims appear to be twofold. He challenges: (1) the seizure of guns and ammunition by ATF; and (2) money taken from the DUA in connection with his Unemployment Insurance ("UI") benefits. He seeks monetary damages as relief.

With respect to Chandler's claims against the DUA, one of the exhibits indicates that his UI benefits have been reduced by the DUA because of overpayment. He attaches a copy of an October 15, 2013 e-mail correspondence from his legal counsel at GBLS indicating, *inter alia*,

---

[1]Presumably, Chandler refers to the U.S. Bureau of Alcohol, Tobacco and Firearms ("ATF"), the Massachusetts Executive Office of Labor and Workforce Development Department of Unemployment Assistance ("DUA"), and the Federal Bureau of Investigation ("FBI").

that Chandler had a legitimate complaint about DUA's slowness in addressing his case arising out of online overpayment by the DUA of UI in the amount of $1,900.00.[2] From this e-mail, it appears that the DUA had reduced Chandler's UI insurance by 50% because of overpayment by DUA, leaving him only a small weekly benefit. Further, the e-mail indicated that Chandler had insisted that the DUA owed him $4,000 in retroactive UI benefits because, although the DUA claimed Chandler was paid by debit card in 2012, he never received the money.

Another exhibit included a summary of transactions with the DUA with respect to payments to Chandler. Further, the exhibit indicates that GBLS reviewed all of the data with the DUA and had determined that no further UI benefits were due and owing to Chandler. All overpayments had been waived by DUA and the correct amount was established.

Next, with respect to the claims against ATF, another exhibit indicates that Chandler had complained that his social security card was compromised by the DUA as a result of a computer security breach. He contended that fraudulent activities had taken place using his social security number and this has had a negative impact in connection with his efforts to obtain employment. Further, he claims this has caused passport issues that prevent him from obtaining employment in Canada. Finally, he claims the fraudulent activities have hindered his efforts to work with ATF to obtain his firearm license. This is the only reference to ATF apart from the allegations in the Civil Cover Sheet that his guns and ammunition were seized by ATF.[3]

---

[2]Included in the package of materials was a Retainer Agreement indicating that GBLS agreed to investigate Chandler's overpayment problem with the DUA.

[3]There is no indication from any of the exhibits what claims Chandler asserts against the FBI or the Massachusetts Attorney General's Office.

Along with the package of materials, Chandler filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) and a Motion to Appoint Counsel (Docket No. 3).

DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Chandler's financial disclosures in his *in forma pauperis* motion, this Court finds that he cannot afford to pay the $400.00 filing and administrative fees. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) will be ALLOWED.

II.  The Complaint is Subject to Screening

For purposes of this Memorandum and Order, this Court will consider Chandler's various exhibits to constitute his Complaint.[4] Because Chandler is proceeding *in forma pauperis* his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Further, in addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[5] In

---

[4] A civil action is commenced by the filing of a Complaint. See Fed. R. Civ. P. 3.

[5] See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action."). See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

connection with this preliminary screening, Chandler's *pro se* filings are construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000). Even under a broad reading, however, this action is subject to dismissal for the reasons set forth below.

III.     Failure to Comply With Fed. R. Civ. P. 8; Failure to State a Plausible § 1983 Claim

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218, 2010 WL 3342031, at *5 (D. Mass. 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (quotations and citations omitted)). In addition, the pleadings "must afford the defendants a meaningful opportunity to mount a defense." Benyamin v. Commonwealth Med. UMass Med. Ctr., Inc., 2011 WL 2681195, at *2, (D. Mass. 2011) (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (internal punctuation and additional citations omitted)). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quotation omitted). While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985). Thus, "the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61,

68 (1st Cir. 2004) (internal quotation omitted).

Further, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant(s) has harmed him [or her].  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  See Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

Here, as noted above, Chandler has not filed a separate document (Complaint) setting forth his legal causes of action against each of the Defendants.  Rather, he simply has submitted exhibits along with his assertion in the Civil Action Cover Sheet that his guns and ammunition had been seized, and monies had been taken from him by the DUA.  He has not provided the necessary underlying facts to set forth any plausible claim for relief in the form of money damages from the Defendants.

While this Court may infer that Chandler is dissatisfied with the services provided by the GBLS with respect to his problem with his UI benefits, he sets forth no legal claims against GBLS.  Moreover, apart from indicating in an exhibit that he has been trying to work with ATF to obtain his firearms license, he provides no facts whatsoever to indicate why ATF is named as a Defendant.  The same is true with respect to the Massachusetts Attorney General's Office and the FBI.  There are no allegations in any of the materials that would provide a basis for liability of either of these Defendants, and this Court cannot discern any.

"District courts are not required to conjure up questions never squarely presented to them

or to construct full blown claims from sentence fragments." Terrance v. Cuyahoga County, 2005 WL 2491531 at *1 (N.D. Ohio 2005) citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (court is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with *pro se* complaints).  Such an exercise would "'require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Terrance, 2005 WL 2491531, at *1, quoting Beaudett, 775 F.2d at 1278.  See also Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) ("It is certainly reasonable to ask that all plaintiffs, even *pro se* plaintiffs,.... alert party defendants that they may be individually responsible in damages.  The trial and appellate courts should not have to guess at the nature of the claim asserted.").  "[T]he failure to identify a particular legal theory ... places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." Terrance, 2005 WL 2491531, at *1.

As pled, it would be unfair to the Defendants to have to peruse Chandler's current submissions in order to determine what legal claims have been asserted against them and/or to determine the factual bases underlying each claim.  Such efforts are not contemplated by the Federal Rules of Civil Procedure; rather, the onus is on Chandler to submit a Complaint that identifies and sets forth, in an organized fashion, the legal causes of action he seeks to assert against each Defendant, and the factual grounds therefore.

In light of the above, this action is subject to dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

IV.     Sovereign Immunity Bars Suit For Damages Against The DUA and the Massachusetts Attorney General's Office

Apart from the Rule 8 pleading deficiencies, Chandler's claims for monetary damages are not cognizable in this Court with respect to the state agencies *(i.e.*, the DUA and the Massachusetts Attorney General's Office). This is because the Eleventh Amendment[6] bars suits against an unconsenting state brought by its own citizens as well as by citizens of another state. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) .  See Alabama v. Pugh, 438 U.S. 781, 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit).[7]

Here, there are no allegations that would denote a waiver of sovereign immunity by the Commonwealth of Massachusetts or its agencies.

Thus, apart from the Rule 8 pleading deficiencies noted above, Chandler's claims against DUA and the Massachusetts Attorney General's Office are subject to dismissal pursuant to 28

---

[6]The Eleventh Amendment to the United States Constitution provides that:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

[7]See also Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,... a State cannot be sued directly in its own name regardless of the relief sought."); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of 42 U.S.C. § 1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) based on sovereign immunity.

V.	Sovereign Immunity Bars Claims Against the ATF and the FBI

Similarly, Chandler's claims against ATF and the FBI (to the extent there are any) also are barred by sovereign immunity.  It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994);  United States v. Testan, 424 U.S. 392, 399 (1976).  A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992);  United States v. Mitchell, 445 U.S. 535, 538, (1980).

Here, there is nothing in Chandler's filings from which sovereign immunity of the United States and its agencies could be deemed to have been waived.

Thus, apart from the Rule 8 pleading deficiencies noted above, Chandler's claims against ATF and the FBI are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) based on sovereign immunity.

VI.	The Claims Against GBLS

Chandler has not specified any cause of action against GBLS in accordance with Rule 8.  Even if this Court were to read Chandler's Complaint extraordinarily broadly and consider his claims for legal malpractice or civil rights violations under 42 U.S.C. § 1983, such claims are not cognizable for the reasons set forth below.

A.	Legal Malpractice

To the extent that Chandler's claim against GBLS could be deemed to raise a legal malpractice claim (*i.e.*, a state tort claim) under a *respondeat superior* theory of liability, this Court lacks subject matter jurisdiction to consider such a claim.  First, the state tort claim does not raise a federal question sufficient to invoke jurisdiction pursuant to 28 U.S.C. § 1331.[8]  In the absence of an independent basis for subject matter jurisdiction (and none has been presented in the Complaint), this Court would decline to accept supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over a state tort claim.  See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); see also Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed").

Next, this Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In order for this Court to invoke diversity jurisdiction, diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  Here, Chandler provides no information as to citizenship of the parties, but it is presumed the DUA, GBLS, and the Massachusetts Attorney General's Office are citizens of Massachusetts for diversity purposes.  Since Chandler is also

---

[8]Federal district courts have original jurisdiction over "federal question" cases.  A federal question "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  A claim arises under federal law within the meaning of  § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  The well-pleaded complaint rule generally restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of a plaintiff's complaint.  Viqueira, 140 F.3d at 17.  Here, Chandler has not identified any *bona fide* federal question at issue in this case.

deemed to be a citizen of Massachusetts, diversity is not complete.

In light of this, apart from the Rule 8 pleading deficiencies, any legal malpractice claim against GBLS is subject to dismissal for lack of subject matter jurisdiction.  See Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (vacating judgment and directing district court to dismiss where no diversity jurisdiction existed); Paparella v. Idreco Invest., 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

### B.      No Plausible Civil Rights Claims

To the extent that Chandler asserts a civil rights claim against GBLS pursuant to 42 U.S.C. § 1983, such a claim is not cognizable.[9]  In order to state a claim under § 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).  Here, Chandler has not set forth facts to support state action by GBLS or its employees, nor has he set forth any facts showing a violation of constitutional or federal laws.[10]

---

[9]Section 1983 of Title 42 creates a cause of action for persons who are denied a federally protected right by a person acting under color of state law.  See, e.g., Baker v. McCollan, 443 U.S. 137 (1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations).  "Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'"  Felton v. Lincoln, 429 F. Supp. 2d 226, 238 (D. Mass. 2006) (quoting Graham v. Connor, 490 U.S. 386, 393-94 (1989)).  "It is well established that 'a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.'" Wilson v. Moreau, 440 F. Supp. 2d 81, 92 (D.R.I. 2006) (alteration in original) (quoting Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)).

[10]Notwithstanding any dispute Chandler may have with the quality of legal services performed on his behalf by a GBLS lawyer, acts or omissions by counsel do not give rise to a cause of action under 42 U.S.C. §1983 because counsel does not act under the color of state law

Moreover, to the extent that Chandler seeks to hold GBLS itself liable for the actions or inactions of its employees (*i.e.*, Chandler's legal counsel), *respondeat superior* is not a viable theory of liability under § 1983.  Capozzi v. Department of Transp., 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000)).  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'"  Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).

Thus, apart from the Rule 8 pleading deficiencies noted above, Chandler's claims against GBLS for civil rights violations are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted).

VII.   Order to Show Cause and to File an Amended Complaint

In light of the above, this action be dismissed within thirty-five (35) days from the date of this Memorandum and Order unless Chandler files an "Amended Complaint" that comports with

---

in performing a lawyer's traditional function as counsel and therefore cannot be sued under §1983 as an agent of the state.  See Polk County v. Dodson, 454 U.S. 313, 471 (1981); Malachowski v. City of Keene, 787 F.2d 704, 710 (1st Cir. 1986).  See also Dunker v. Bissonnette, 154 F. Supp. 2d 95, 105 (D. Mass. 2001) (Stearns, J.).

the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Any Amended Complaint must set forth a brief statement of the underlying facts to support each claim (*i.e.*, the "who, what, when, where, and why information"). The mere submission of exhibits without a formal "Amended Complaint" in accordance with Rule 8 will not be deemed to be sufficient. Moreover, Chandler is advised that he will not be given opportunities to amend his pleadings *ad seriatim*. Rather, he shall be afforded only this one opportunity to set forth his plausible claims.

In addition to filing an Amended Complaint, Chandler also shall file a written "Show Cause Response" within 35 days demonstrating good cause why this action should not be dismissed for the reasons stated herein (i.e., Rule 8 pleading deficiencies, sovereign immunity of DUA, the Massachusetts Attorney General's Office, ATF, and the FBI, lack of jurisdiction of legal malpractice claims, lack of state action by GLBS, and lack of *respondeat superior* liability of GBLS). Failure to comply with these directives may result in a dismissal of this action.

VIII.   The Motion to Appoint Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Chandler "must demonstrate that [he is] indigent and that exceptional circumstances [are] present such that

a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id.  For all the reasons set forth above that subject this case to dismissal, the Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources.

Accordingly, Chandler's Motion to Appoint Counsel (Docket No. 3) will be DENIED.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2. Within 35 days of the date of this Memorandum and Order, Plaintiff shall file an Amended Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure;

3. Within 35 days of the date of this Memorandum and Order, Plaintiff shall file a Show Cause Response demonstrating good cause why his claims should not be dismissed; and

4. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is DENIED.


SO ORDERED.


December 10, 2013                              /s/ George A. O'Toole, Jr.
DATE                                           GEORGE A. O'TOOLE, JR.
                                               UNITED STATES DISTRICT JUDGE